**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VINCENT SIPE,** | 1:09-CV-00798-OWW-JLT |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT |
| COUNTRYWIDE BANK; SIERRA PACIFIC MORTGAGE COMPANY, INC.; BANK OF MADERA COUNTY; COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; FINANCIAL ADVANTAGE, INC.; JOHN NORBERG; CAROL DESILVA; and DOES 1-20, inclusive, | (Doc. 75) |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Vincent Sipe's ("Plaintiff") Application for Default Judgment. For the reasons set forth below, Plaintiff's Application for Default Judgment is DENIED.

## II.   DISCUSSION

A scheduling conference was held on November 18, 2010, attended only by Plaintiff's counsel; Defendants did not appear. Based on Plaintiff's representations, the Order After Scheduling Conference dated November 23, 2010 stated that: (1) Plaintiff intended to dismiss the two individual Defendants, John Norberg ("Norberg") and Carol DeSilva ("DeSilva"), and pursue them in an alternative forum; and (2) Plaintiff intended to present evidence at a prove up hearing

against Defendant Sierra Pacific Mortgage ("SPM"). Doc. 67.

The prove up hearing against SPM was held on April 18, 2011, without notice to, or appearance by, SPM or any Defendant. At that time, the court did not realize that default judgment had not been entered against SPM. Rather, Plaintiff's claims against SPM had been dismissed without leave to amend on July 30, 2010. Doc. 56. At the hearing, the court requested documentation proving Plaintiff's entitlement to default judgment.

Plaintiff filed an Application for Default Judgment on August 1, 2011. Doc. 75. The Application for Default Judgment: (1) does not mention SPM; (2) requests default judgment against Norbert (against whom default judgment had been entered, Doc. 62); but (3) substantively only contains evidence concerning DeSilva (against whom Plaintiff's request for entry of default was declined, Doc. 63). The Application for Default Judgment is a wholly insufficient basis for entry of default judgment against any Defendant. In addition, there is no evidence that notice of Plaintiff's Application for Default Judgment was served on any Defendant.

### III. CONCLUSION

For the reasons stated:

1. Plaintiff's Application for Default Judgment is DENIED.
2. If Plaintiff intends to pursue default judgment against any remaining Defendant, he must submit any motion for default judgment within thirty (30) days of electronic service of this

1        Order.

2   IT SO ORDERED

3   Dated: September 21, 2011              /s/ Oliver W. Wanger
4                                           Oliver W. Wanger
                                      United States District Judge