1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  VINCENT SIPE,                           ) Case No.: 1:09-cv-00798 -- JLT
                                            )
12                 Plaintiff,              ) ORDER TO PLAINTIFF TO SHOW CAUSE
                                            ) WHY THE MATTER SHOULD NOT BE
13       v.                                 ) DISMISSED FOR FAILURE TO OBEY THE
                                            ) COURT'S ORDER AND HIS FAILURE TO
14  COUNTRYWIDE BANK, et al.,               ) PROSECUTE THIS CASE
                                            )
15                 Defendants.             )
                                            )
16  _____       )

17          On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendants Carol

18  DeSilva, Financial Advantage, Inc and John Norberg. (Doc. 61) On November 2, 2010, the Clerk

19  declined to enter default against Financial Advantage, Inc. and Carol DeSilva given that Plaintiff had

20  failed to file proof that these defendants had been served with the summons and complaint. (Doc. 64)

21  To date, Plaintiff has not filed a proof of service demonstrating service to this defendant. The Clerk

22  entered judgment against defendant Norberg.  (Doc. 2)

23          After this, on November 23, 2010, the Court issued an Order After Scheduling Conference.

24  (Doc. 67) In this order, the Court noted that Plaintiff intended to dismiss the matter against

25  Defendants DeSilva and Norberg and to pursue the matter against *only* Defendant Sierra Pacific

26  Mortgage.  Id. at 2.  However, Plaintiff has never filed a proof of service demonstrating service to

27  Defendant DeSilva and, long before this time, on July 13, 2010, the Court dismissed the complaint

28  without leave to amend as to Defendants Sierra Pacific and Countrywide Bank (Docs. 53, 54) Soon

                                            1

1   after this, on January 4, 2011, the Court terminated the matter as to MERS. (Doc. 70)

2        On September 21, 2011, the Court denied Plaintiff's application for default judgment sought

3   against "Defendants" because Plaintiff failed to provide any evidence that default judgment should

4   be granted as to Defendant Norberg, Desilva has never been served and no other defendant remains

5   in the case. (Doc. 76 at 2) At that time the Court ordered, "If Plaintiff intends to pursue default

6   judgment against any remaining Defendant, he must submit any motion for default judgment within

7   thirty (30) days of electronic service of this Order." Id. However, this time period has passed and

8   Plaintiff has failed to seek entry of default judgment against Defendant Norberg, the only defendant

9   against whom there exist an entry of default. (Doc. 62)

10        "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds

11   for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

12   LR 110.  "District courts have inherent power to control their dockets," and in exercising that power,

13   a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of*

14   *Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's

15   failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See*,

16   *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with

17   an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

18   Cir. 1987) (dismissal for failure to comply with a court order).

19        Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of

20   this Order why the action should not be dismissed for his failure to obey the order of the Court and

21   for his failure to prosecute this case.

22   IT IS SO ORDERED.

23   Dated:   **November 17, 2011**                                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28