# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SIPE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTRYWIDE BANK, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00798 -- JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY THE COURT'S ORDER AND HIS FAILURE TO PROSECUTE THIS CASE |

On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendants Carol DeSilva, Financial Advantage, Inc and John Norberg. (Doc. 61) On November 2, 2010, the Clerk declined to enter default against Financial Advantage, Inc. and Carol DeSilva given that Plaintiff had failed to file proof that these defendants had been served with the summons and complaint. (Doc. 64) To date, Plaintiff has not filed a proof of service demonstrating service to this defendant. The Clerk entered judgment against defendant Norberg. (Doc. 2)

After this, on November 23, 2010, the Court issued an Order After Scheduling Conference. (Doc. 67) In this order, the Court noted that Plaintiff intended to dismiss the matter against Defendants DeSilva and Norberg and to pursue the matter against *only* Defendant Sierra Pacific Mortgage. Id. at 2. However, Plaintiff has never filed a proof of service demonstrating service to Defendant DeSilva and, long before this time, on July 13, 2010, the Court dismissed the complaint without leave to amend as to Defendants Sierra Pacific and Countrywide Bank (Docs. 53, 54) Soon

1

after this, on January 4, 2011, the Court terminated the matter as to MERS.  (Doc. 70)

On September 21, 2011, the Court denied Plaintiff's application for default judgment sought against "Defendants" because Plaintiff failed to provide any evidence that default judgment should be granted as to Defendant Norberg, Desilva has never been served and no other defendant remains in the case. (Doc. 76 at 2) At that time the Court ordered, "If Plaintiff intends to pursue default judgment against any remaining Defendant, he must submit any motion for default judgment within thirty (30) days of electronic service of this Order." Id.  However, this time period has passed and Plaintiff has failed to seek entry of default judgment against Defendant Norberg, the only defendant against whom there exist an entry of default. (Doc. 62)

"Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for his failure to obey the order of the Court and for his failure to prosecute this case.

IT IS SO ORDERED.

Dated:   **November 17, 2011**                                         /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE