IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SIPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTRYWIDE BANK, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:09-cv-00798 JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS TO DEFENDANT DESILVA |

On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendants Carol DeSilva and others. (Doc. 61) On November 2, 2010, the Clerk declined to enter default because Plaintiff had failed to file proof that the defendants–including DeSilva– had been served with the summons and complaint. (Doc. 64) **To date, Plaintiff has not filed proof demonstrating service to Carol DeSilva.**

After this, on November 23, 2010, the Court issued an Order After Scheduling Conference. (Doc. 67) In this order, the Court noted that Plaintiff intended to dismiss the matter against Defendants DeSilva and Norberg and to pursue the matter against *only* Defendant Sierra Pacific Mortgage. Id. at 2. **However, Plaintiff has never filed the request for dismissal as to Defendant DeSilva**.

On September 21, 2011, the Court denied Plaintiff's application for default judgment sought against "Defendants" in part **because Plaintiff had never filed proof that Desilva had been**

**served**. (Doc. 76 at 2)

On November 17, 2011, the Court issued to Plaintiff an order to show cause why the matter should not be dismissed based upon his failure to prosecute the action. (Doc. 79) In that order, the Court recited the details set forth above and made clear that **Plaintiff has not filed proof of service as to Defendant DeSilva**. Based thereon, the Court concluded that **Defendant DeSilva has never been served with the summons and complaint**.

Despite this, Plaintiff has, once again, filed a motion for default judgment **without filing a proof of service as to Defendant DeSilva and without having first obtained the clerk's entry of default**. As the Court has made clear repeatedly, the only defendant against which Plaintiff may currently pursue default judgment is Defendant Norberg.

Plaintiff's continued refusal to file proof of service related to Defendant DeSilva is a violation of Fed. R. Civ. P. 4. This rule provides,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "encourages efficient litigation by minimizing the time between the commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F. R. Civ. P. 4(j).)

This matter has been pending for more than two and a half years. The Court has repeatedly reminded Plaintiff that **he has not filed proof of service as to Defendant DeSilva** and Plaintiff has repeatedly ignored these reminders and stalwartly refuses to file the proof.

///
///
///
///
///
///
///

**ORDER**

Based upon the foregoing, the Court **ORDERS** Plaintiff to show cause, **no later than January 17, 2012**, why the matter should not be dismissed as to Defendant DeSilva for his failure to comply with Fed. R. Civ. P. 4(m). Plaintiff is cautioned that unless he demonstrates good cause for his failure to show proof of service to Defendant DeSilva that Court, on its own motion, the Court shall dismiss the matter as to this defendant.

IT IS SO ORDERED.

Dated:   **January 11, 2012**                                         /s/ Jennifer L. Thurston
                                                                                        UNITED STATES MAGISTRATE JUDGE