IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SIPE, <br><br> Plaintiff, <br><br> v. <br><br> COUNTRYWIDE BANK, et al., <br><br> Defendants. | Case No.: 1:09-cv-00798 JLT <br><br> ORDER DISMISSING DEFENDANT DESILVA WITHOUT PREJUDICE |

On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendant Carol DeSilva and others. (Doc. 61) On November 2, 2010, the Clerk declined to enter default because Plaintiff had failed to file proof that DeSilva had been served with the summons and complaint. (Doc. 64)

On November 23, 2010, the Court issued an Order After Scheduling Conference. (Doc. 67) In this order, the Court noted that Plaintiff intended to dismiss the matter against Defendants DeSilva and Norberg and to pursue the matter against *only* Defendant Sierra Pacific Mortgage. Id. at 2. However, Plaintiff has never filed the request for dismissal as to Defendant DeSilva. On September 21, 2011, the Court denied Plaintiff's application for default judgment sought against "Defendants" in part because Plaintiff had never filed proof that Desilva had been served. (Doc. 76 at 2)

On November 17, 2011, the Court issued to Plaintiff an order to show cause why the matter should not be dismissed based upon his failure to prosecute the action. (Doc. 79) In that order, the

Court recited the details set forth above and made clear that Plaintiff has not filed proof of service as to Defendant DeSilva. Based thereon, the Court concluded that Defendant DeSilva has never been served with the summons and complaint.

Despite this, on January 10, 2012, Plaintiff filed another motion for default judgment without filing a proof of service as to Defendant DeSilva and without having first obtained the clerk's entry of default. As a result, on January 11, 2012, the Court issued Plaintiff another order to show cause why the matter should not be dismissed against Defendant DeSilva due to his failure to serve her summons and complaint in a timely fashion. (Doc. 84)

On January 17, 2012, Plaintiff's counsel responded to the order to show cause and now admits that he has *never* served Defendant DeSilva. (Doc. 85) However, the Court is disturbed by counsel's incredible explanation for his failure to do so. In essence, counsel reports that *he just realized that no proof of service was ever filed as to Defendant DeSilva.* Id. at 1. In taking this position, he fails to address–in total–the repeated reminders and admonishments from this Court that Defendant DeSilva had not been served. Moreover, he reports that he does not have a physical address for this Defendant which seems to belie his claim that he had been told that DeSilva had been served at some point in the past. Id.

Counsel urges that this "mistake" should not be held against his client. However, this position would have more convincing force had counsel made any cogent explanation why the Court's repeated reminders service had not been accomplished, did not trigger his awareness of this state of affairs before now. Despite counsel's characterization, this circumstance is not an "oversight" but a purposeful refusal to comply with the orders of this Court. Moreover, counsel's explanation is inconsistent with Plaintiff's positions taken in this case. As noted above, when first confronted with his failure to serve Defendant DeSilva more than a year ago on November 23, 2010, Plaintiff–through counsel--reported that he intended to dismiss the matter as to DeSilva. (Doc. 67 at 2)

Additionally, though counsel hopes that he'll have accomplished service on this Defendant by the end of February, he fails to explain why he thinks this is likely to occur and makes no showing whatsoever why Defendant DeSilva has not been prejudiced by the delay in service of *more than two*

*and a half years.*  Counsel's failure to make these explanations is particularly egregious in light of the Court's warning issued to Plaintiff in its January 11, 2012 order that, "unless he demonstrates good cause for his failure to show proof of service to Defendant DeSilva that Court, on its own motion, the Court shall dismiss the matter as to this defendant."  (Doc. 84 at 3)

According to Fed. R. Civ. P. 4,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "encourages efficient litigation by minimizing the time between the commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F. R. Civ. P. 4(j).)

This matter has been pending for more than two and a half years.  The Court has repeatedly reminded Plaintiff that **he has not filed proof of service as to Defendant DeSilva** and Plaintiff has repeatedly ignored these reminders and stalwartly refuses to file the proof.  Even now, Plaintiff fails to explain his failure to serve this Defendant with any semblance of adequacy.

**ORDER**

Therefore, on its own motion, the Court **ORDERS**,

1. The complaint as to Defendant Carol DeSilva is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:  **January 31, 2012**                              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE