IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SIPE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTRY WIDE BANK, et al.,<br><br>　　　　　　Defendants. | Case No. 1:09-cv-00798 JLT<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS TO DEFENDANT FINANCIAL ADVANTAGE, INC.** |

　　　　On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendants Financial Advantage, Inc. and two others. (Doc. 61). On November 2, 2010, the Clerk declined to enter default because Plaintiff had failed to file proof that two of the defendants–including Financial Advantage, Inc.– had been served with the summons and complaint. (Doc. 64). To date, Plaintiff has not filed proof demonstrating service to Financial Advantage, Inc.

　　　　After this, on November 23, 2010, the Court issued an Order After Scheduling Conference. (Doc. 67). In this order, the Court noted that Plaintiff intended to dismiss the matter against Defendants DeSilva and Norberg and to pursue the matter against Defendant Sierra Pacific Mortgage ("SPM") only. (Id. at 2.) Defendant Financial Advantage, Inc. (the employer for DeSilva and Norberg) is not mentioned in the order. (Id.)

　　　　On September 21, 2011, the Court denied Plaintiff's application for default judgment

1


sought against "Defendants" in part because Plaintiff had never filed proof that Desilva had been served and there was no substantive evidence against Norberg. (Doc. 76 at 2). The Court later learned that SPM had been previously been dismissed from the case. Again, Defendant Financial Advantage, Inc. is not mentioned application for default judgment or in the order. (Doc. 75 and 76.)

On November 17, 2011, the Court issued to Plaintiff an order to show cause why the matter should not be dismissed based upon his failure to prosecute the action. (Doc. 79). In that order, the Court recited the details set forth above and made clear that Plaintiff has not filed proof of service as to Defendant DeSilva. Based thereon, the Court concluded that Defendant DeSilva has never been served with the summons and complaint. On January 31, 2012, the Court dismissed Defendant DeSilva without prejudice.

Upon further review of the case, it appears that Plaintiff has also failed to file proof that Defendant Financial Advantage, Inc. had ever been served with the Second Amended Complaint. Plaintiff's failure to file proof of service related to Defendant Financial Advantage, Inc. is a violation of Fed. R. Civ. P. 4. This rule provides,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "encourages efficient litigation by minimizing the time between the commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F. R. Civ. P. 4(j).) This matter has been pending for nearly three years. The Court made Plaintiff aware in 2010 that he did not file proof of service as to Defendant Financial Advantage, Inc. and Plaintiff been repeatedly reminded of his failure to do the same with regard to other defendants.

**ORDER**

Based upon the foregoing, the Court ORDERS Plaintiff to show cause, no later than April 25, 2012, why the matter should not be dismissed as to Defendant Financial Advantage, Inc. for his failure to comply with Fed. R. Civ. P. 4(m). Plaintiff is cautioned that unless he demonstrates good cause for his failure to show proof of service to Defendant Financial Advantage, Inc. that, on its own motion, the Court shall dismiss the matter as to this defendant.

IT IS SO ORDERED.

Dated:   **April 16, 2012**                              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE