IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SIPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTRY WIDE BANK, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No. 1:09-cv-00798 JLT<br><br>**ORDER DISMISSING DEFENDANT**<br><br>**FINANCIAL ADVANTAGE, INC.**<br><br>**WITHOUT PREJUDICE** |

On November 1, 2010, Plaintiff requested a Clerk's entry of default against Defendant Financial Advantage, Inc. and others. (Doc. 61). On November 2, 2010, the Clerk declined to enter default because Plaintiff had failed to file proof that Financial Advantage, Inc. had been served with the summons and complaint. (Doc. 64).

On November 23, 2010, the Court issued an Order After Scheduling Conference. (Doc. 67). In this order, the Court noted that Plaintiff intended to dismiss the matter against Defendants DeSilva and Norberg and to pursue the matter against only Defendant Sierra Pacific Mortgage ("SPM"). (Id. at 2.) Defendant Financial Advantage, Inc. (the employer for DeSilva and Norberg) is not mentioned in the order. (Id.)

On August 1, 2011, Plaintiff submitted a default package to the Court. (Doc. 75). However, it only requested the Court enter default judgment against Defendant Norberg. (Doc. 75 at 11). On September 21, 2011, the Court denied Plaintiff's application for default judgment

1    sought against "Defendants" in part because Plaintiff had never filed proof that Defendant
2    DeSilva was served and there was no substantive evidence against Norberg.  (Doc. 76 at 2).  The
3    Court later learned that SPM had been previously been dismissed from the case.  (Id.)

4    　　　　On November 17, 2011, the Court issued to Plaintiff an Order to Show Cause why the
5    matter should not be dismissed based upon his failure to prosecute the action.  (Doc. 79) In that
6    order, the Court recited the details set forth above and made clear that Plaintiff had not filed proof
7    of service as to Defendant DeSilva.  Based thereon, the Court concluded that Defendant DeSilva
8    has never been served with the summons and complaint.  (Id.)

9    　　　　Despite this, on January 10, 2012, Plaintiff filed another motion for default judgment
10   without filing a proof of service as to Defendant DeSilva and without having first obtained the
11   clerk's entry of default.  (Doc. 83).  As a result, on January 11, 2012, the Court issued Plaintiff
12   another order to show cause why the matter should not be dismissed against Defendant DeSilva
13   due to his failure to serve the summons and complaint in a timely fashion.  (Doc. 84).

14   　　　　On January 17, 2012, Plaintiff's counsel responded to the order to show cause regarding
15   Defendant Silva and admitted that he has never served Defendant DeSilva.  (Doc. 85).  In its
16   order dismissing Defendant DeSilva, the Court noted that it was disturbed by counsel's incredible
17   explanation that he just realized that no proof of service was ever filed as to Defendant DeSilva.
18   (Id. at 1; Doc. 86).  Counsel urged that this "mistake" should not be held against his client.  (Doc.
19   86 at 2).

20   　　　　On April 17, 2012, the Court issued another Order to Show Cause to Plaintiff regarding
21   Defendant Financial Advantage, Inc.  (Doc. 89).  The Court ordered Plaintiff to show cause why,
22   after the issues he has had with service of other defendants, the matter should not be dismissed for
23   his failure to serve Defendant Financial Advantage, Inc. with the operative summons and
24   complaint or take any action with regard to this Defendant since November 2010.  (Id.)

25   　　　　Plaintiff's counsel responded to the Court's April 17, 2012 order to show cause the same
26   day.  (Doc. 90).  His response is nearly identical to the response he filed in January 2012
27   regarding the prior order to show cause; specifically, he asserts that his process server informed
28   him that the Defendant had been served.  (Doc. 85 and 90).  Counsel claims that after he received

the Court's order, he checked the file and realized service on Defendant Financial Advantage, Inc. was defective. (Id. at 1). As before, Plaintiff fails to address why he did not heed the prior admonishment from this Court in 2010 that Defendant Financial Advantage, Inc. had not been served or why he has failed to initiate any action against Defendant Financial Advantage, Inc. since 2010.

Counsel urged, as he did in his prior response to the Court's order to show cause, that this "mistake" should not be held against his client. (Doc. 86 at 2). Plaintiff's position would have carried more weight had counsel made any cogent explanation why he did not accomplish service on Defendant Financial Advantage, Inc., given his awareness of the service issues in this case and the issues he had with the process server for this case. Despite counsel's characterization, this circumstance is not an "oversight" but a purposeful refusal to comply with the orders of this Court. Moreover, counsel's explanation is inconsistent with Plaintiff's positions taken in this case. As noted above, when first confronted with his failure to serve Defendant Financial Advantage, Inc. in November 2010, Plaintiff–through counsel--reported that he only intended to proceed against Defendant SPM. (Doc. 67 at 2)

Though counsel hopes that he'll accomplish service on Defendant Financial Advantage, Inc. by May 2, 2012, he fails to explain why he thinks this is likely to occur given that he has only "attempted to locate" Defendant Financial Advantage, Inc. (Doc. 90 at 2). Additionally, he makes no showing whatsoever why Defendant Financial Advantage, Inc. has not been prejudiced by the delay in service of nearly three years. Counsel's failure to make these explanations is particularly egregious in light of the Court's warning issued to Plaintiff in its April 17, 2012 order that, "unless he demonstrates good cause for his failure to show proof of service to Defendant Financial Advantage, Inc. that the Court, on its own motion, shall dismiss the matter as to this Defendant." (Doc. 89 at 3)

**ORDER**

Therefore, on its own motion, the Court **ORDERS**,

///

///

3

1. The complaint as to Defendant Financial Advantage, Inc. is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

Dated:   **April 18, 2012**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE